UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

---

| | |
|---|---|
| JEFFREY EARL ANDERSON, | Case No. 1:20-cv-547 |
| | Honorable Paul L. Maloney |
| Plaintiff, | |
| v. | **BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| HONORABLE KENT D. ENGLE, | |
| Defendant. | |

| | |
|---|---|
| Jeffrey E. Anderson | Douglas W. Van Essen (P33169) |
| Plaintiff *pro se* | Elliot J. Gruszka (P77117) |
| 2495 Air Park Drive | SILVER & VAN ESSEN, P.C. |
| Zeeland, MI 49464 | Attorneys for Defendant |
| (616) 862-1811 | 300 Ottawa Avenue, NW, Suite 620 |
| dmifinancial@aol.com | Grand Rapids, MI 49503 |
| | (616) 988-5600 |
| | dwv@silvervanessen.com |
| | egruszka@silvervanessen.com |

## INTRODUCTION

This case represents a false, improper, untimely attempt by a disgruntled litigant to scandalously and falsely challenge the Judge who awarded custody of Plaintiff's daughter to his ex-wife and a child support order that Plaintiff does not like out of a divorce action he himself initiated. As explained below, Plaintiff Jeffrey Anderson's specious complaint should be dismissed because of Defendant Judge Kent Engle's absolute judicial immunity, the expiration of the applicable statute of limitations, the *Rooker/Feldman* doctrine, and last—but not least—Anderson's failure to allege facts that give rise even to an inference of a violation of his constitutional rights.

## **STATEMENT OF FACTS**

In April 2006, Anderson married non-party Svitlana Anderson. *Anderson v. Anderson*, No. 321880, 2015 WL 3478056, at 1 (Mich. Ct. App. June 2, 2015).[1] In 2010, the couple had a child, (*id.*), and in 2011 Anderson filed for divorce in Ottawa County Circuit Court in Case Number 11-71347-DM, which was assigned to veteran Family Court Judge, the Honorable Kent Engle. (Compl, ¶ 13). The divorce was finalized in 2014, with the court granting sole legal and physical custody of the child to Svitlana and imputing income to Anderson for the purposes of calculating child support. *Anderson*, 2015 WL 3478056, at 1. As the Michigan Court of Appeals' opinion makes clear, after an appeal and remand for additional fact-finding regarding the imputation of income, the Michigan Court of Appeals affirmed the judgment of divorce on June 2, 2015. *Id*. Plaintiff failed to seek leave to appeal to the Michigan Supreme Court.

More than **five years later**, on June 16, 2020, Anderson filed the present suit—in federal court—alleging that at unspecified times and places "under color of law" in locations "both in open court and outside the confines of court," Judge Engle (1) "made derogatory and discriminatory remarks about" Anderson; (2) expressed dislike for Anderson; (3) made "biased and unfair remarks" concerning Anderson; (4) lied "on the JOD [Judgement of Divorce] and caused [Anderson] irreparable harm"; and (5) "expressed an improper sexual fondness" for Svitlana during the divorce proceedings. (Compl., ¶¶ 8–12). Anderson alleges that as a result of these acts, Judge Engle violated his "right to substantive and procedural Due Process of Law and fundamental fairness, as applied to the states through the Fourteenth Amendment." (*Id.*, ¶ 15). Anderson alleges

---

[1] Under Rule 10(c), the Court may consider "'exhibits attached [to the complaint], **public records**, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)) (emphasis added).

no other damages stemming from this alleged misconduct. Instead, the only relief he seeks in this case is for this Court to enjoin Judge Engle from entering any more orders in his underlying divorce case and to vacate "any and all" orders and rulings Judge Engle makes that Anderson subjectively believes violated his constitutional rights.

## ARGUMENT

### I.  Standard of Review

On a motion to dismiss under Rule 12(b)(6), the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)), but "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010).

The complaint must contain more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555).

The complaint must allege facts that give rise to claims that are plausible, that when accepted as true, "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio–Ethical Reform, Inc. v.*

3

*Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 677). If the complaint merely alleges facts consistent with liability, it falls short of plausibility. *Iqbal*, 556 U.S. at 678.

Finally, because Anderson is proceeding *pro se*, the Court must construe his complaint liberally, holding it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted). Nonetheless, the less stringent standard "does not mean that *pro se* plaintiffs are entitled to take every case to trial." *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). To this end, as with any other litigant's pleadings, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.2d 693, 698 (6th Cir. 2003). A *pro se* litigant must conduct sufficient investigation of the facts such that he can "draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan*, 468 U.S. 42, 50 (1984).

## II. Judge Engle enjoys absolute immunity from Anderson's suit.

"Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Moreover, judicial immunity is "expansive," barring suit and warranting dismissal without discovery, even if a party alleges a judge acted with malice, in bad faith, or violated his constitutional rights. *Id.*; *Bright v. Gallia Cty.*, 753 F.3d 639, 648–49 (6th Cir. 2014). "Such far-reaching protection is justified 'by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'" *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir.1997) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993)).

There are only two exceptions to absolute judicial immunity. First, a judge may be liable for "actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11. Second, a judge may be liable for actions that, although judicial in nature, are taken "in the complete absence of all

4

jurisdiction." *Id*. at 12. Because the actions alleged in the complaint were judicial in nature and taken within the scope of Judge Engle's jurisdiction—indeed, at the request of Anderson himself through the filing of the petition for divorce—the Judge is immune from this suit altogether.

### A. Anderson's Complaint fails to allege actions not taken in Judge Engle's judicial capacity.

Under the first exception to absolute judicial immunity, the court must consider whether the alleged conduct is "truly judicial" or an act that simply happened to have been performed by a judge. *Mann v. Conlin*, 22 F.3d 100, 103–04 (6th Cir. 1994) (citation omitted). Application of judicial immunity is "noncontroversial" if the act was undertaken in the course of adjudicating a dispute between two parties. *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Here, Anderson alleges that at unspecified times and places, Judge Engle displayed dislike for him and expressed "an improper sexual fondness" for Svitlana Anderson, all while acting under color of law. Anderson alleges that these actions violated his right to "substantive and procedural Due Process of law and fundamental fairness." (Compl., ¶ 15). In other words, Anderson alleges that Judge Engle engaged in acts under color of law that impacted the outcome of his divorce case— that is, in adjudicating a dispute between two parties. *Barrett*, 310 F.3d at 255.

It is difficult to conceive of acts more quintessentially "judicial" than acts alleged to have impacted the outcome of a case. The fact that the acts are alleged to be malicious or inappropriate matters little—even if those acts violated Anderson's constitutional rights. *Bright*, 753 F.3d at 648–49. While Judge Engle in no way concedes the truth of Anderson's allegations, these allegations, taken as true, fail to show that Judge Engle acted nonjudicially, and the first exception to absolute judicial immunity does not apply.

**B.  Anderson's complaint fails to allege actions taken in the absence of all jurisdiction.**

The second exception to absolute judicial immunity applies when a judge acts outside the bounds of any jurisdiction. *Mireles*, 502 U.S. at 12. *Exceeding* the jurisdiction a judge possesses, however, is not the same as acting in the *absence* of any jurisdiction whatsoever. *Barnes*, 105 F.3d at 1122. Thus, a criminal court judge who sentenced a defendant to a nonexistent crime would be immune from liability even though he *exceeded* his jurisdiction, while a probate judge who convicted anyone of any crime would act in the *absence* of jurisdiction. *Id*.

Here, Judge Engle, as a judge of a Michigan Circuit Court, had jurisdiction over Anderson's divorce case. Mich. Comp. Laws § 552.6(1); *McCormick v. McCormick*, 562 N.W.2d 504, 508 (Mich. Ct. App. 1997). Anderson's Complaint contains no allegations that Judge Engle made any rulings or issued any orders outside the scope of the divorce proceedings. Indeed, the opinion in Anderson's appeal reveals the rulings Judge Engle made aside from the dissolution of the marriage itself were limited to custody and imputation of income for the calculation of support. *Anderson*, 2015 WL 3478056, at *1. In fact, because the Complaint itself alleges that Judge Engle acted within the scope of his jurisdiction, the second exception to absolute judicial immunity does not apply, and the complaint must be dismissed.

**III.  Anderson's claims are barred by the applicable statute of limitations.**

Because 42 U.S.C. § 1983 does not provide a limitations period, the Supreme Court has held that federal courts must apply the general or residual statute of limitations for personal injury actions of the state in which the case arises. *Owens v. Okure*, 488 U.S. 235, 241, 250 (1989). Therefore, the Sixth Circuit has held "that the appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the three-year limitations period for personal injury claims." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (citing Mich. Comp. Laws § 600.5805).

6

Here, the final event in Anderson's underlying divorce action occurred when the Michigan Court of Appeals affirmed Judge Engle's judgement of divorce on June 2, 2015. *Anderson*, 2015 WL 3478056, at *1. Giving Anderson every benefit of the doubt, this would be the absolute latest date any claims he had against Judge Engle for his handling of the divorce case could have accrued. The limitations period for any claims Anderson had, therefore, expired on June 2, 2018, more than two years before the instant complaint was filed. His claim is time-barred and must be dismissed.

IV. **Anderson's collateral attack on the underlying judgment of divorce is barred by the *Rooker/Feldman* doctrine.**

Under the *Rooker/Feldman* doctrine, "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (citation omitted). The doctrine applies if granting relief on a claim asserted before a federal district court would imply that the state court judgment was incorrect. *Id*. The *Rooker/Feldman* doctrine does not bar a federal challenge to the constitutionality of a state law, but it does bar a suit challenging the *application* of state law in a particular case. *Id*. Here, Anderson's divorce case was fully adjudicated by the courts of the State of Michigan. The only relief Anderson seeks in the instant case is for this Court to "rescind any and all of Judge Engle's acts, orders, and rulings" in his divorce case. Granting Anderson the relief he seeks would certainly do more than imply that the state court judgment was incorrect—it would be a ruling that the state court judgment *is* incorrect. The Court will seldom find a better fitting factual setting for application of the *Rooker/Feldman* doctrine. Anderson's claims are barred by the *Rooker/Feldman* doctrine, and this Court must dismiss.[2]

---

[2] This Court also lacks jurisdiction to grant Anderson the relief he seeks because the federal judiciary generally lacks jurisdiction over domestic relations cases. *See Simms v. Simms*, 175 U.S. 162, 167 (1899).

### V. Anderson's Complaint fails to allege facts giving rise to a plausible claim to relief.

Even if (1) Judge Engle was not entitled to absolute judicial immunity, (2) Anderson's claims were not time-barred, and (3) this Court did not lack jurisdiction under the *Rooker/Feldman* doctrine, the Court would still be compelled to dismiss the case because the allegations of the complaint fail to meet the minimum *Iqbal/Twombly* standards of federal pleading. Anderson alleges Judge Engle's comments about him and disposition toward him and his ex-wife deprived him of his substantive and procedural due process rights.

Due process claims come in two varieties: substantive and procedural. A plaintiff can state a substantive due process claim by establishing a government action burdened his exercise of a fundamental right. *Seal v. Morgan*, 229 F.3d 567, 574 (6th Cir. 2000). To state a procedural due process claim, a plaintiff must establish (1) that he had a life, liberty, or property interest that is protected by the Due Process Clause of the Fourteenth Amendment; (2) that he was deprived of the protected interest; and (3) that the government defendant did not provide adequate procedural rights prior to and after the deprivation. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999).

Besides lacking such basic information as to where and when the alleged comments about Anderson and his ex-wife were made, Anderson's Complaint fails to connect Judge Engle's supposed conduct to any alleged deprivation of liberty or lack of notice of the proceedings. Indeed, it is important to note that the Michigan Court of Appeals rejected Plaintiff's claims of any improprieties in Judge Engle's challenged decisions, and Anderson does not even allege that the Michigan Court of Appeals was biased against him, denying him of his constitutional rights in a state review of his claims. In other words, the Complaint utterly fails to demonstrate *how* Judge Engle allegedly violated Anderson's due process rights. These allegations are not even "threadbare recitals of a cause of action" consistent with liability. Instead, the allegations border on the non

sequitur. Anderson's Complaint fails to state a claim upon which relief can be granted and must be dismissed.

## CONCLUSION

Anderson's scandalous, improper attempt to vacate his judgment of divorce more than five years after it became final in the courts of the State of Michigan by filing a federal lawsuit should not be countenanced. Instead, because Judge Engle enjoys absolute immunity, the claims are time-barred, the Court lacks jurisdiction under *Rooker/Feldman*, and because the Complaint fails to meet the lenient *Iqbal/Twombly* pleading standards, and it must be dismissed for failure to state a claim upon which relief can be granted.

                                              SILVER & VAN ESSEN, P.C.
                                              Attorneys for Defendant

Date: July 6, 2020                      By: <u>Elliot J. Gruszka</u>
                                                  Douglas W. Van Essen (P33169)
                                                  Elliot J. Gruszka (P77117)

                                              BUSINESS ADDRESS AND TELEPHONE:
                                                  300 Ottawa Avenue, NW, Suite 620
                                                  Grand Rapids, MI 49503
                                                  (616) 988-5600
                                                  dwv@silvervanessen.com
                                                  egruszka@silvervanessen.com