UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY ANDERSON,

        Plaintiff,                                          Hon. Paul L. Maloney

v.                                                             Case No. 1:20-CV-547

KENT ENGLE,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action against Ottawa County Circuit Court Judge, the Honorable Kent Engle (ECF No. 1), who now moves to dismiss Plaintiff's complaint (ECF No. 3). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action terminated.

## ANALYSIS

The present action arises from Plaintiff's dissatisfaction with Judge Engle's "acts, orders and rulings" in a state court divorce and child custody proceeding between Plaintiff and his former wife, Svitlana Anderson.[1] Plaintiff asserts that Judge Engle's actions in this proceeding have violated his right to due process and

---

[1] In his complaint, Plaintiff fails to describe the nature of this state court action, identifying it only as "state case # 11-71347-DM, *Jeffrey Earl Anderson v. Svitlana Anderson.*" (ECF No. 1, PageID.12). A subsequent decision resolving an appeal of this matter, however, sheds light on the nature of the underlying dispute. *See Anderson v. Anderson*, 2015 WL 3478056 (Mich. Ct. App., June 2, 2015).

1

fundamental fairness. Plaintiff brings the present action pursuant to 42 U.S.C. § 1983 seeking an order rescinding all of Judge Engle's "acts, orders and rulings" in the state court action.

## I. Plaintiff has Waived any Opposition to the Present Motion

Defendant filed his motion to dismiss on July 6, 2020. On August 4, 2020, the Court granted a request by Plaintiff for additional time, affording Plaintiff until September 1, 2020, to respond to Defendant's motion. This extended deadline has expired, and Plaintiff has neither responded nor requested additional time.

While Plaintiff is representing himself, pro se litigants are "still required to follow the rules of civil procedure and easily-understood Court deadlines." *Ciavone v. McKee*, 2009 WL 2959737 at \*6 (W.D. Mich., Sept. 10, 2009). Failure by a plaintiff to respond to a motion to dismiss constitutes a forfeiture of the claims to which the motion is addressed. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"). Likewise, opposition to a motion to dismiss is waived, and dismissal appropriate, where the plaintiff fails to respond thereto. *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir., May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a]

plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).

The undersigned finds that, by failing to respond to the present motion, Plaintiff has waived any opposition thereto. Accordingly, the undersigned recommends that Defendant's motion be granted. Furthermore, as discussed below, there exist two additional bases to grant Defendant's motion.

## II.   Judicial Immunity

As previously noted, Plaintiff requests that this Court rescind all of Judge Engle's "acts, orders and rulings" in the state court case. Thus, Plaintiff is challenging actions taken by Judge Engle in his official capacity. Judicial officers enjoy immunity from civil suits seeking money damages. *See, e.g., Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007). This immunity likewise extends to claims asserted under 42 U.S.C. § 1983 seeking injunctive relief. *See, e.g., Johnson v. Edgar*, 2015 WL 869320 at *3 (W.D. Mich., Feb. 27, 2015); *Lawrence v. Pelton*, 413 F.Supp.3d 701, 711 (W.D. Mich. 2019). Accordingly, the undersigned recommends that, because Judge Engle is entitled to immunity, the present motion be granted.

## III.   Rooker-Feldman

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized, the jurisdiction of the federal

district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)

Plaintiff, having lost in state court, now appeals to this Court for relief from state court rulings with which he disagrees. This Court, however, lacks the authority and jurisdiction to hear Plaintiff's "appeal." *See Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (the federal district courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *see also*, *Hake v. Simpson*, 770 Fed. Appx. 733, 736 (6th Cir., May 1, 2019) (same). Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Defendant's Motion to Dismiss, (ECF No. 3), be granted and this matter terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                             Respectfully submitted,

Dated: September 21, 2020                     /s/ Phillip J. Green
                                                               PHILLIP J. GREEN
                                                               United States Magistrate Judge