Case 1:20-cv-00547-PLM-PJG ECF No. 9, PageID.35 Filed 09/23/20 Page 1 of 5

FILED GR
September 23, 2020 7:51 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ns  SCANNED BY: TB /9/23/20

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS DIVISION

JEFFREY EARL ANDERSON

    Plaintiff,

v.                          CASE # 1:20-cv-547

THE HONORABLE KENT D. ENGLE,     The Honorable Paul L. Mooney

    Defendant.

_____/

## RESPONSE/OBJECTIONS TO DEFENDANT'S MOTION TO DISMISS AND REQUEST THAT SUCH MOTION BE DENIED

Comes now the above Plaintiff, Jeffrey Earl Anderson (hereinafter "Anderson" or "the Plaintiff"), *pro se*, and respectfully files this Response/Objection to Defendant's Motion to Dismiss and Request That Such Motion be Denied  In support thereof, the Plaintiff states as follows:

This Response/Objection tracks the Defendant's Motion to Dismiss as those reasons for such dismissal are set forth therein. Much of what the Defendant contends is essentially horn book law, such as the precept that this Court must accept as true Plaintiff's allegations. Thus, to avoid redundancy, the Plaintiff will not reiterate those portions of Defendant's MTD that merely restate long and well-settled law of which this Honorable Court is certainly aware.

### I. JUDICIAL IMMUNITY

At Roman Numeral II of Defendant's Motion to Dismiss, the Defendant asserts that the Honorable Judge Engle is absolutely immune from suit. However, at the bottom of page 4, the

1

Defendant states "[t]here are only two exceptions to absolute immunity. First a judge may be liable for 'actions not taken in the judge's judicial capacity.'" Def's MTD, p. 4 (citation omitted). And that is precisely the case presently. The Defendant has misconstrued the facts and mistakenly implies the Plaintiff is complaining of decisions, opinions, or rulings taken by Judge Engle while sitting on the bench in his judicial capacity. That is not the case here. Instead, the acts of which the Plaintiff complains are acts and statements of the Honorable Judge Engle, outside the confines of his judicial capacity. This is clearly set forth in Plaintiff's Complaint.

For example, Judge Engle would not be immune from prosecution for shop-lifting merchandise in a Walmart. Neither is Judge Engle immune from this instant action for prejudicial remarks directed towards the Plaintiff while off the bench and not in his judicial capacity. Thus, the "exception" to judicial immunity cited by the Defendant at the bottom of page 4 of his MTD, applies presently. The acts and statements alleged against Judge Engle were not acts and statements undertaken or made while the Honorable Judge Engle was in his judicial capacity. Therefore, absolute immunity does not apply here.

## II. STATUTE OF LIMITATIONS

At page 6, section III of Defendant's MTD, the Defendant asserts "Anderson's [the instant Plaintiff's] claim are barred by the applicable statute of limitations." That is a miscalculation and misstatement. The case in which the Honorable Judge Engle sits in state court is very much active. There have been several recent hearings and another hearing is set for January, 2021. Clearly, the state case from which this present Complaint evolves is very much still on-going in a post-judgment proceeding to reconsider alimony awarded to the Defendant in that case.

### III. *ROOKER-FELDMAN*

At Section IV, page 7, of Defendant's MTD, the Defendant contends that the *Rooker-Feldman* doctrine "applies if granting relief on a claim asserted before a federal district court would imply that the state court judgment was incorrect." (citation omitted). Presently, as stated, the Plaintiff's complaint does not involve any rulings, opinions, or judicial acts and a Plaintiff-favorable ruling in the instant case would not "imply that the state court judgment was incorrect." *Id.*

A judge is necessarily a neutral arbiter, applying the law to a specific set of facts. That does not detract from the allegation that the Honorable Judge Engle is prejudiced against the instant Plaintiff and has made such known outside the confines of the court and not in Judge Engle's judicial capacity. Requesting that Judge Engle recuse himself from that state court case does not implicate any of Judge Engle's rulings, opinions, or *judicial* actions. Judge Engle's disdain, disparaging remarks, and prejudice against the instant Plaintiff expressed outside the confines of the court and not in Judge Engle's judicial capacity, effectively denies the Plaintiff Jeffrey Anderson a fair and impartial tribunal.in violation of Due Process of Law.

### IV. ANDERSON'S PLAUSIBLE CLAIMS FOR RELIEF

At Section V, page 8, of Defendant's MTD, the Defendant argues that "Anderson's Complaint fails to allege facts giving rise to a plausible claim for relief." And once again the Defendant misconstrues the facts alleged by the Plaintiff. The gravamen of Anderson's present Complaint is that due to Judge Engle's extra-judicial comments, deprived the present Plaintiff of the benefit of a fair and impartial tribunal in which to adjudicate Anderson's state court claims. This would be the epitome of a Due Process violation. "*Due process guarantees 'an absence of*

3

*actual bias' on the part of a judge."* Williams v. Pennsylvania, 136 S. Ct. 1899, 1906 (2016) (emphasis added).

WHEREFORE, in consideration of the foregoing, the above Plaintiff Jeffrey Earl Anderson respectfully moves this Honorable Court to DENY the Defendant's Motion to Dismiss.

Respectfully submitted,

/s/ Jeffrey Earl Anderson

2495 Air Park Drive
Zeeland, MI 49464
Tel: (630) 862-1811
Email: dmifinancial@aol.com

*Plaintiff pro se*

## CERTIFICATE OF SERVICE

I, Jeffrey Earl Anderson, Plaintiff *pro se* in the above action, do hereby certify that a true and correct copy of this motion was duly served on the Defendant via email to Defendant's counsel of record at egruszka@silvervanessen.com, this 21st day of September, 2020.

Signed: /s/ Jeffrey Anderson

4


