IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS DIVISION

**FILED - GR**
November 9, 2020 11:53 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mkc   SCANNED BY: TB 11/9/20

JEFFREY EARL ANDERSON

    Plaintiff,

v.                                                          CASE # 1:20-cv-547

THE HONORABLE KENT D. ENGLE,        The Honorable Paul L. Mooney

    Defendant.

_____/

## PLAINTIFF'S RESPONSE/OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Comes now the above Plaintiff, Jeffrey Earl Anderson (hereinafter "Anderson" or "the Plaintiff "), *pro se*, and respectfully files this Response/Objections to the Honorable Magistrate Judge's Report and Recommendation [R&R] filed 9/21/2020 (ECF No. 8). The following is submitted with all due respect to this Honorable Court and the Honorable Magistrate Judge.

### I. RESPONSE/OBJECTIONS

1.) **Timeliness**

In his R&R (ECF No. 8), the Honorable Magistrate Judge recommends dismissal of Plaintiff's Complaint due to failure of Plaintiff to file a Response to Defendant's Motion to Dismiss. The Plaintiff respectfully disagrees.

It should be noted that the Honorable Magistrate Judge filed his R&R on 9/21/2020 (ECF No. 8). By Order of the Court dated 8/4/2020 (ECF No. 7), this Court granted the Plaintiff an extension of time until that same date 9/21/2020, to file a Response to Defendant's Motion to Dismiss. That Response was filed in this Court on 9/23/2020 (ECF No. 9). Looking on ECF No.

1

9, the Plaintiff's mailing envelope is attached. In the upper right-hand corner of that mailing envelope, shows a "Sent Date" of 9/21/2020. In other words, the Plaintiff placed his Response to Motion to Dismiss (ECF no. 9) in the hands of the mailing entity (i.e. FedEx), on 9/21/2020 the date to which this Court granted the Extension (ECF No. 7).

Based upon the foregoing the Plaintiff, respectfully submits that the Plaintiff should be given the benefit of this "mail travel time" and to accept the arrival in this Court on 9/23/2020 of Plaintiff's Response (EFC No. 9), as timely filed. Accordingly, the Plaintiff respectfully requests that this case be remanded back to the Magistrate Judge for a renewed R&R now with the benefit of Plaintiff's Response to Motion to Dismiss (ECF No. 9).

2.) **Absolute Immunity and *Rooker-Feldman***

The Honorable Magistrate Judge's recommends dismissal of Plaintiff's Complaint, contending that the Defendant, the Honorable Judge Kent Engle, has "absolute immunity," and is protected by the *Rooker-Feldman* Doctrine. However, with all due respect, the Honorable Magistrate Judge has misinterpreted the Plaintiff's allegations in his Complaint (ECF No. 1).

The Plaintiff is *not* complaining of acts taken by Judge Engle in his judicial capacity, except perhaps tangentially. The gravamen of Plaintiff's Complaint are acts of the Honorable Judge Engle taken outside the confines of court, i.e. acts not taken by Judge Engle in his offical capacity. The imperfect analogy would be if Judge Engle went to Walmat and shoplifted an item (certainly not suggesting or implying the Honorable Judge would do such). In such a case, however, neither Judge Engle's "judicial immunity" nor "*Rooker-Feldman*" would protect Judge Engle.

It is baffling that the Honorable Magistrate Judge has construed Plaintiff's Complaint (ECF No. 1), as a challenge to Judge Engle's judicial acts. Cleraly that is not the case except tangentially, as set forth by Plaintiff, as how those non-judicial actions affected Judge Engle's official acts. This is shown by a plain reading of Plaintiff's Complaint (EFC No. 1). For example, at Complaint, page 3 (ECF No. 1 at 3), ¶ 9, the Plaintiff stated "outside the confines of court." At ¶ 10, the Plaintiff stated "in his [Judge Engle's] non-judicial capacity." At ¶ 12, the Plaintiff alleged "ouside the confines of court." And, at Complaint, p. 3, ¶ 12, the Plaintiff alleged acts "outside of his jursdiction and authority." Clearly, the Plaintiff's Complaint does not attack the Honorable Judge Engle's "judicial capacity" actions but those actions allegedly commited by Judge Engle "outside the confines of court."

WHEREFORE, in consideration of the foegoing, the Plaintiff, *pro se*, respectfully requests this Court to remand this matter to the Honorable Magistrate Judge for a supplementary or second R&R now with consideration of Plaintiff's Response to Motion to Dismiss (ECF No. 9).

/s/ Jeffrey Earl Anderson

2495 Air Park Drive
Zeeland, MI 49464
Tel: (630) 862-1811
Email: dmifinancial@aol.com

*Plaintiff pro se*

## CERTIFICATE OF SERVICE

I, Jeffrey Earl Anderson, Plaintiff *pro se* in the above action, do hereby certify that a true and correct copy of this Reasponse was duly served on the Defendant via email to Defendant's counsel of record at egruszka@silvervanessen.com, this 8th day of November, 2020.

Signed: /s/ Jeffrey Anderson

3